# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LAVETTE JOHNSON | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2085-S |
| | § | |
| KROGER TEXAS, L.P. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff Lavette Johnson's Motion to Remand ("Motion") [ECF No. 13]. The Court has reviewed and considered the Motion, Defendant Kroger Texas, L.P.'s Response to Plaintiff's Motion to Remand ("Response") [ECF No. 14], and Defendant's Brief in Support of Defendant's Response to Plaintiff's Motion to Remand ("Defendant's Brief") [ECF No. 15]. For the following reasons, the Court **GRANTS** the Motion.

### I.    BACKGROUND

On August 10, 2022, Plaintiff filed suit against Defendant in the 44th Judicial District Court of Dallas County, Texas, to recover for injuries sustained in a slip and fall. Pl.'s Original Pet. ("Pet.") [ECF No. 1-2] 1-2. Plaintiff alleges that while shopping at a Kroger store in Grand Prairie, Texas, she "slipped on what appeared to be spilled cooking oil" and suffered "significant personal injuries, including injuries to her knee and face." *Id.* at 2; *see also id.* at 4 ("Plaintiff suffered severe and disabling injuries to her knee and face . . . ."). For her unspecified medical expenses, physical pain and suffering, mental anguish, physical impairment, and disfigurement, among other damages, Plaintiff sought monetary relief between $250,000 and $1,000,000. *Id.* at 1, 5.

Defendant removed the case, asserting that the Court has subject-matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. Def.'s Notice of Removal [ECF No. 1] 1. According to Defendant, by seeking damages between $250,000 and $1,000,000, Plaintiff "judicially admit[ted] . . . that she is seeking damages in excess of

$75,000.00." *Id.* at 3. On February 14, 2023, the parties appeared before the Court for an initial hearing pursuant to Federal Rule of Civil of Procedure 16. Plaintiff, through her counsel, stipulated on the record that her claims do not exceed $75,000, exclusive of interest and costs. *See* Mot. 1 ¶ 3; Def.'s Br. ¶ 5. Subsequently, Plaintiff filed the Motion, in which she again stipulates that her claims do not exceed $75,000. Mot. 2 ¶ 4.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, the removal statute is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

When a suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted); *see also New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th

2

Cir. 2008) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." (citations omitted)). "[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

### III. ANALYSIS

#### A. *Diversity of Citizenship*

According to Defendant, the parties are diverse because Plaintiff is a Texas citizen and Defendant is an Ohio citizen. Def.'s Notice of Removal 2. Specifically, Defendant asserts that Plaintiff is a "citizen, resident, and domiciliary" of Texas, *id.*, and that Defendant is an Ohio citizen because its general partner, KRGP Inc., and its sole limited partner, KRLP Inc., are Ohio corporations with their principal places of business in Ohio, *id. See Coury*, 85 F.3d at 249 ("A United States citizen who is domiciled in a state is a citizen of that state."); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (stating that the citizenship of a limited partnership is that of each of its partners and that the citizenship of a corporation is each state in which it is incorporated and the state in which it has its principal place of business (citations omitted)). Therefore, the diversity of citizenship requirement is met.

#### B. *Amount in Controversy*

In the Petition, which was the operative pleading at the time of removal, Plaintiff stated that she sought over $250,000. Pet. 1. However, Plaintiff argues that the Court should remand the case because it is not facially apparent from the Petition that the amount in controversy exceeds $75,000, meaning Defendant must provide evidence that Plaintiff's claims likely exceed $75,000. Mot. 3-4. In response, Defendant asserts that the Court has subject-matter jurisdiction because: (1) "Plaintiff judicially admitted that she seeks recovery in excess of the threshold amount in controversy required to satisfy diversity jurisdiction"; and (2) "Plaintiff claims to have sustained

left knee and lumbar spine injuries, and has received estimates for steroid injections to treat both alleged areas and has plead[ed] to recover for future [damages], as well as gross negligence."[1] Def.'s Br. 1 (emphasis omitted). Defendant also notes that Plaintiff seeks punitive damages. Resp. 1.

The amount in controversy is determined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citation omitted). "Moreover, once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." *Id.* (citations omitted). To determine whether the amount in controversy requirement is met, courts first look to whether the plaintiff has alleged a specific amount of damages in the petition. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (citation omitted). "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted). "[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* (quoting *De Aguilar*, 11 F.3d at 58).

The removing defendant can meet its burden in one of two ways. First, the defendant's burden is met if it is facially apparent from the petition that the plaintiff's claims exceed $75,000. *Id.* Second, if the facially apparent test is not met, the removing defendant may provide "summary-judgment-type" evidence to prove that the claims exceed the jurisdictional threshold. *Id.* at 1336. Once the defendant establishes that the amount in controversy exceeds $75,000, removal is proper unless the plaintiff shows that it is "legally certain" the plaintiff's recovery will not exceed the

---

[1] The Court notes that no allegations related to lumbar spine injuries or steroid injections appear in the Petition. Instead, Plaintiff alleges injuries to her knee and face. *See* Pet. 4.

4

jurisdictional amount. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citation omitted).

Under Texas Rule of Civil Procedure 47, plaintiffs must categorize their damages within one of five predefined ranges. Rule 47 requires the selection of one of the following categories of monetary relief:

> (1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;
>
> (2) monetary relief of $250,000 or less and non-monetary relief;
>
> (3) monetary relief over $250,000 but not more than $1,000,000;
>
> (4) monetary relief over $1,000,000; or
>
> (5) only non-monetary relief[.]

TEX. R. CIV. P. 47(c)(1)-(5). Plaintiff chose the range set forth in Rule 47(c)(3)—"more than $250,000.00 but not more than[] $1,000,000.00." Pet. 1.

Because Plaintiff alleged a non-specific range of damages, Defendant must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See, e.g.*, *Plunkett v. Companion Prop. & Cas. Ins. Co.*, No. 1:15-CV-474, 2016 WL 8931300, at *3 (E.D. Tex. Apr. 8, 2016) ("In situations where the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." (citations omitted)).

To determine whether Defendant has met its burden, the Court first examines the face of the Petition to determine whether the amount in controversy likely exceeds $75,000. *Allen*, 63 F.3d at 1335. In the Petition, Plaintiff claims generally that she "suffered severe and disabling injuries to her knee and face, mental and physical functioning, and disfigurement." Pet. 4. Plaintiff broadly asserts damages for unidentified past and future medical expenses, future treatment, past and future

5

physical pain and suffering and mental anguish, past and future physical impairment, and past and future disfigurement. *Id.* at 5. Plaintiff also seeks exemplary damages. *Id.* The Petition provides no further information on the monetary value of Plaintiff's claims—for example, details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred. Plaintiff's nondescript general allegations do not make it facially apparent that the amount in controversy exceeds $75,000. *See, e.g., Zielinski v. Allstate Fire & Cas. Ins. Co.*, No. 3:22-CV-71-L, 2022 WL 2118981, at *5 (N.D. Tex. June 13, 2022) (noting that the use of the word "severe" to describe a plaintiff's injuries "is a relative term that is amorphous when not accompanied by supporting factual allegations").

The Fifth Circuit has found that the facially apparent test was not met when a plaintiff pleaded similar non-specific injuries. *Compare Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (finding complaint did not support diversity jurisdiction when plaintiff alleged, with little specificity, damages for a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions, unidentified medical expenses, and plaintiff's husband's alleged loss of consortium), *with Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (affirming district court's finding that claims exceeded $75,000 when plaintiff alleged damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization").

Defendant's argument that Plaintiff has received estimates for steroid injections is unavailing. Defendant has not submitted evidence or pointed to any allegation by Plaintiff showing that Plaintiff will or may receive injections and has not provided the Court with the cost of any hypothetical injections. *See Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670, at *3 (E.D. La. Mar. 28, 2016) (remanding case where defendant did "not produce any evidence

6

of the likelihood that . . . surgery will take place or what its cost would be"); *see also Autin v. Cherokee Ins. Co.*, No. 20-528-JWD-EWD, 2020 WL 4876857, at *2 (M.D. La. Aug. 19, 2020) ("Plaintiff's cited treatment of a cervical MRI, steroid injections, and physical therapy standing alone do not meet the jurisdictional threshold." (citations omitted)).

The fact that Plaintiff seeks exemplary damages, without more, does not change this outcome. As the party asserting federal jurisdiction, Defendant bears the burden to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence, and Defendant has not carried that burden. *Allen*, 63 F.3d at 1335 (citation omitted). "[E]ven if Plaintiff's claims including . . . exemplary damages . . . arguably could exceed $75,000, such is not facially apparent from the complaint, and Defendant has presented no additional facts or proof in support of federal jurisdiction." *Hot-Hed, Inc. v. Safe House Habitats, Ltd.*, No. H-06-1509, 2007 WL 556862, at *2 (S.D. Tex. Feb. 12, 2007) (citation omitted); *see also Sanchez v. Aburto*, No. 3:18-CV-2460-L, 2018 WL 4953147, at *2 (N.D. Tex. Oct. 12, 2018) ("[W]ithout any factual allegations from which the court can assess the potential actual damages in this case, it has no way of reasonably inferring the potential for an award of exemplary damages."); *Sims v. AT&T Corp.*, No. 3:04-CV-1972-D, 2004 WL 2964983, at *4 (N.D. Tex. Dec. 22, 2004) (remanding case where it was not facially apparent that punitive damages would lead to award exceeding minimum jurisdictional amount and defendant did not "demonstrate[] by a preponderance of the evidence that [the plaintiff's] claim for punitive damages exceeds the minimum jurisdictional amount").

As it is not apparent from the face of the Petition that the amount in controversy exceeds $75,000, the Court looks to whether Defendant presented any summary-judgment-type evidence or any additional information to demonstrate that Plaintiff's claims likely exceed $75,000. Defendant has not provided any such evidence. Therefore, the Court concludes that Defendant has

7

not met its burden to establish subject-matter jurisdiction by a preponderance of the evidence. Moreover, given binding precedent that "[t]he removal statute is . . . to be strictly construed" and that "any doubt about the propriety of removal must be resolved in favor of remand," *Gasch*, 491 F.3d at 281-82 (citations omitted), the Court must remand for lack of subject-matter jurisdiction.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand [ECF No. 13]. This case is **REMANDED** to the 44th Judicial District Court of Dallas County, Texas.

**SO ORDERED.**

SIGNED May 10, 2023.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**